IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-v-<br><br>DENNIS OWEN COLLINS, *et al.*,<br><br>Defendants. | Case No. 1:13-CR-00383 |

## ORDER

The following motions are before the court in this matter: Defendant Phillip Simpson's Motion to Disclose Co-Defendants' Presentence Reports (Dkt. No. 136), Defendant Simpson's Motion for Trial Procedures (Dkt. No. 137), Defendant Timothy McClain's Motion for a *James* Hearing to Determine Admissibility of Co-Conspirator Statements (Dkt. No. 143), Defendant McClain's Motion for Additional Peremptory Challenges (Dkt. No. 144), Defendant McClain's Motion for Use of Courtroom Technology (Dkt. No. 145), Defendant Austen Stamm's Motion to Compel Discovery and/or Strike the Government's Damages Figure (Dkt. No. 148), Defendant Stamm's Motion to Compel Discovery of Exculpatory Information (Dkt. No. 149), Defendant Dennis Collins's Motion to Dismiss the Indictment (Dkt. No. 151), Defendant Collins's Motion for Additional Discovery (Dkt. No. 166), Defendant Jeremy Heller's Motion to Dismiss for Improper Venue (Dkt. No. 175), Defendant Joshua Phy's Motion to Dismiss for Improper Venue (Dkt. No. 177), and Defendant Phy's Motion to Dismiss the Indictment (Dkt. No. 178). The Government has responded to each of Defendants' motions (Dkt. Nos. 187, 188, 185, 183, 189, 229, 230, 195, 205, and 206, respectively).

The following defendants have also moved for leave to file additional motions: Defendant McClain (Dkt. No. 146), Defendant Collins (Dkt. No. 163), and Defendant Heller

(Dkt. No. 174). The Government opposed these motions (Dkt. Nos. 190, 191, 192). Finally, a number of defendants have filed motions to adopt or incorporate a number of their co-defendants' motions: Dkt. Nos. 147, 152, 155, 158, 161, 164, 167, 168, 169, 171, 173, 176, 181, 182, 197, 198, 201, 203, 204, 208, 219, 220, and 231. The Government opposed these motions (Dkt. No. 184), and Defendant Zhiwei Chen replied in support of the motions (Dkt. No. 202). The Court has reviewed the pleadings above, heard oral argument on all motions on May 2, 2014, and now issues this Order.

## Motions to Dismiss

Before the Court are two motions to dismiss the indictment in this case (Dkt. Nos. 151, 178), and two motions to dismiss for improper venue (Dkt. Nos. 175, 177). For the reasons stated in open court and those below, each of the motions to dismiss is denied. The Court finds that venue is proper in the Eastern District of Virginia because the Government has alleged that Defendants knowingly caused a transmission to a protected computer within the Eastern District of Virginia, and that damage has been caused to protected computers within this district with respect to at least two of the victims in this case. Although the effects of the attacks at issue in this case were certainly felt outside of the Eastern District of Virginia, the unlawful transmission of code to a protected computer within the jurisdiction is at the heart of 18 U.S.C. § 1030(a)(5)(A) and is sufficient to support venue here.

The Court also denies Defendants' motions to dismiss the indictment on the basis of vagueness (Dkt. No. 178) and violation of the First Amendment (Dkt. No. 151). The Court finds that Section 1030(a)(5)(A) of the Computer Fraud and Abuse Act is sufficiently detailed that a reasonable person would be on notice of what conduct is prohibited by the law. Its terms are clearly defined, *see, e.g.*, 18 U.S.C. § 1030(e)(2)(B) (defining "protected computer");

§ 1030(e)(11) (defining "loss"), and most importantly, the statute contains a high *mens rea* requirement of "intentionally" causing damage to protected computers (or at the very least, *knowingly* sending harmful commands or code to a protected computer). Violation of this statute therefore cannot occur accidentally or inadvertently. Because the statute is clear enough to put a reasonable person on notice and is not so indefinite as to encourage arbitrary and discriminatory enforcement, it is not unconstitutionally vague and Defendant's Motion to Dismiss (Dkt. No. 178) is denied.

The Court further finds that because 18 U.S.C. § 1030(a)(5)(A) prohibits only conduct and not speech, it does not implicate the First Amendment and is not unconstitutionally overbroad. No element of Section 1030(a)(5)(A) regulates speech or expressive conduct. The Court acknowledges that the *intent* or *motivation* behind these attacks may have been to send a message or to engage in a protest. However, the conduct specifically criminalized by the statute is "knowingly caus[ing] the transmission of a program, information, code, or command, and ... intentionally caus[ing] damage without authorization to a protected computer." 18 U.S.C. § 1030(a)(5)(A). The statute does not target individuals seeking to express an idea; the statute only targets knowing, intentional conduct that causes damage to the property of another.

Although the Court acknowledges the broad protection bestowed upon *expressive* conduct under the First Amendment (that is, conduct that *itself* expresses the speaker's message), that protection does not extend to *any* conduct that is motivated by an individual's discontent or desire to protest. The conduct before the Court is therefore not analogous to the flag-burning at issue in *Texas v. Johnson*, 491 U.S. 397 (1989). In *Johnson*, the Court made clear that although some types of conduct are "sufficiently imbued with the elements of communication" to fall within the protection of the First Amendment, 491 U.S. at 404 (*quoting Spence v. Washington*, 418 U.S. 405, 409 (1974)), it again "rejected the view that an apparently limitless variety of

conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *Id.* Because the First Amendment does not protect a person's right to express his or her message by engaging in criminal activity and destroying the property of another, Section 1030(a)(5)(A) is not overbroad and does not implicate the First Amendment.

*Motions for Discovery*

Before the Court are four motions related to discovery in this case: Dkt. Nos. 136, 148, 149, and 166. Defendant Simpson's Motion to Disclose Co-Defendants' Presentence Reports (Dkt. No. 136) is denied. The Court finds that Mr. Simpson's request is premature at this stage, but Defendants may refile a motion on this issue at a later date should convicted co-conspirators or co-defendants be disclosed as government witnesses.

Defendant Stamm's Motion to Compel and/or to Strike the Government's Damages Figure (Dkt. No. 148) is denied. The Court finds that discovery of information relevant to damages in this case is ongoing and a motion to compel is therefore premature. Defendants may refile this motion at a later date if necessary after additional discovery of the victim corporations. Defendant Stamm's Motion to Compel Exculpatory Information (Dkt. No. 149) and Defendant Collins's Motion for Additional Discovery (Dkt. No. 166) are likewise denied, but with the following caveat discussed in open court. This Court heard argument regarding additional discovery sought by Defendants related to the use of IRC channels and parallel construction in the Government's investigation. The Court instructs the Government to survey the federal intelligence agencies to determine if there is additional discoverable information related to the activities of undercover agents (either government employees or private individuals) in Anonymous chat channels during the time frame of the conspiracy. With respect to Mr. Collins's

Motion (Dkt. No. 166), the Court will revisit the issue of sentencing disparity at a later date if necessary.

*Trial-Related Motions*

Consideration of Defendants' Motion for Additional Peremptory Challenges (Dkt. No. 144) is deferred until trial. Defendants' Motion for the Use of Electronic Courtroom Technology (Dkt. No. 145) is granted as to all defendants, and the Government will be permitted to use the same technology at trial. Defendants' Motion for Trial Procedures (Dkt. No. 137) is granted to the extent that it allows defendants to deviate from the order of the indictment in the order of cross-examination at trial. As noted above, the motion is also granted with respect to the procedure to be followed for objections. Trial will not take place on Fridays.

Defendants' Motion for a *James* Hearing (Dkt. No. 143) to determine the admissibility of co-conspirator statements is denied. The Court does not find any evidence that a *James* hearing is necessary at this stage of the proceedings. However, if proof of the conspiracy is insufficient after evidence is adduced at trial, the Court will reconsider the admissibility of co-conspirator statements at that time.

*Motions for Leave to File Additional Motions*

The Court finds that there is good cause to grant Defendants' Motions for Leave to File Additional Motions (Dkt. Nos. 146, 163, 174). Defendants may file additional motions as necessary, to be heard at a second motions day on September 12, 2014 at 2:00pm. Motions shall be filed no later than August 21, 2014, and the Government shall respond no later than September 2, 2014.

*Motions to Adopt and/or Incorporate Co-Defendants' Motions*

The Court also grants Defendants' Motions to Adopt (Dkt. Nos. 147, 152, 155, 158, 161, 164, 167, 168, 169, 171, 173, 176, 181, 182, 197, 198, 201, 203, 204, 208, 219, 220, 231), to the extent that those motions seek to adopt co-defendants' motions that are applicable to the moving defendant. Moving forward, rulings of this Court on dispositive motions and other motions applicable to all defendants will apply to all defendants. Therefore, there is no need for general or blanket adoptions by defendants in this case. Should a defendant wish to "opt out" of a generally applicable motion, he may file a motion to sever for purposes of that particular motion. With respect to objections both in motion hearings and at trial, an individual defendant's objection to a generally-applicable motion will preserve that objection for all defendants. For the reasons stated in open court and those above, it is hereby **ORDERED** that:

1. The following Motions filed by Defendants in this case are hereby **DENIED**: Dkt. Nos. 136, 143, 148, 149, 151, 166, 175, 177, 178.

2. The following Motions filed by Defendants in this case are hereby **GRANTED**: Dkt. Nos. 137, 145, 146, 163, 174.

3. Defendants' Motions to Adopt (Dkt. Nos. 147, 152, 155, 158, 161, 164, 167, 168, 169, 171, 173, 176, 181, 182, 197, 198, 201, 203, 204, 208, 219, 220, 231) are **GRANTED** to the extent that those motions seek to adopt co-defendants' motions that are applicable to the moving defendant.

3. Consideration of Defendants' Motion for Additional Peremptory Challenges (Dkt. No. 144) is **DEFERRED** until trial.

June 24, 2014
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge